UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| WYATT W. RASMUSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN BAXTER, IN HIS OFFICIAL CAPACITY; BRANDON FLEAGLE, IN HIS OFFICIAL CAPACITY, STANLEY COUNTY SHERIFF'S OFFICE, AND GUY DIBENETTO, IN HIS OFFICIAL CAPACITY,<br><br>Defendants. | 4:21-CV-03021-RAL<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL, AND 1915 SCREENING |

Plaintiff, Wyatt W. Rasmussen, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Rasmussen moves for leave to proceed in forma pauperis and has filed a financial affidavit. Docs. 2 and 3. Rasmussen has also filed a motion to appoint counsel, Doc. 6. This Court now screens Rasmussen's complaint under 28 U.S.C. § 1915(e)(2).

I. **Motion for Leave to Proceed In Forma Pauperis**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." Lee v. McDonald's Corp., 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). After review of Rasmussen's

financial affidavit, the Court finds that he has insufficient funds to pay the filing fee. Thus, Rasmussen's motion for leave to proceed in forma pauperis is granted.

## II.    1915 Screening

### A.    Factual Allegations of Rasmussen's Complaint

Rasmussen alleges that on or around April 17, 2021, he was tased by Stanley County Sheriff's Deputy Dustin Baxter during a misdemeanor traffic stop. Doc. 1 at 4. Rasmussen claims that he was not resisting and posed no threat to Baxter at the time. Id. He also alleges that Stanley County Sheriff's Deputy Brandon Fleagle assisted in the traffic stop and failed to intervene with a "soft hands approach" to deescalate the situation. Id. Rasmussen claims that this is the second time he was tased by a deputy assisted by Fleagle. Id. He alleges that Fleagle is discriminating against him based on his "[m]arital and [p]arental [s]tatus" because "Defendant [meaning Fleagle] is step-father to Defendant's two minor children."[1] Id. Rasmussen accuses Baxter and Fleagle of misrepresenting the facts of the incident. Id.

Rasmussen also claims that the Stanley County Sheriff's Office failed to comply with its own use of force policy, failed to hold Baxter and Fleagle accountable for their actions, and refused to adequately investigate the incident. Id. Further, Rasmussen claims that the Sheriff's Office knew that the documents justifying Baxter and Fleagle's use of force were inaccurate and that there is "a pattern of behavior condoning the generation of documents intentionally misrepresenting the truth and the facts involving [Rasmussen's] cases." Id.

Rasmussen alleges that on or around July 27, 2021, Guy DiBenedetto, an employee of the South Dakota Division of Criminal Investigation, intentionally ignored Rasmussen's request to

---

[1] Rasmussen likely intended to write that Fleagle is the stepfather of two of Rasmussen's children or perhaps that Rasmussen is the stepfather of two of Fleagle's children.

investigate the April 17th incident. Id. at 5. Rasmussen claims that DiBenedetto has been assigned to investigate two prior complaints, and both times, DiBenedetto has failed to provide satisfactory verbal communication and written findings. Id. Rasmussen alleges that this is a pattern of behavior indicating that DiBenedetto will not investigate the Sheriff's Office's misconduct towards him. Id.

Rasmussen does not specify the capacity in which he sues the defendants. See id. at 4-5. Instead, he states that each defendant was acting in his official capacity at the times in question. Id. If a plaintiff does not specific the capacity in which he or she sues a defendant, the suit is treated as only including official capacity complaints. Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Thus, Rasmussen sues Baxter, Fleagle, and DiBenedetto in their official capacities. Rasmussen brings claims under § 1983 against defendants for "excessive force, obstruction of justice, failure to intervene, and intentional infliction of emotional distress in violation of the Fourth Amendment." Doc. 1 at 1. He does not specify which claims he brings against which defendants. See id. He asks this Court to order the Sheriff's Office to amend its use of force policy to bring it up to date with contemporary national standards. Id. at 6. He also seeks $2,500,000 for his estimated court appointed attorney's fees for a state criminal case, defamation of his character, pain and suffering for medical expenses including mental health costs, and loss of freedom for two days spent waiting for a bond hearing. Id.

**B.    Legal Standard**

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v.

Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory").

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[ ] to state a claim on which relief may be granted; or (iii) seek[ ] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will now assess each individual claim under 28 U.S.C. § 1915.

### C. Rasmussen's Causes of Action

#### 1. Claims against the Stanley County Sheriff's Office

Rasmussen brings claims against the Stanley County Sheriff's Office. Doc. 1 at 1. A county Sheriff's Office is "not [a] legal entit[y] subject to suit; therefore, the claims against [it] must be dismissed." In re Scott Cnty. Master Docket, 672 F. Supp. 1152, 1163 n.1 (D. Minn. 1987), aff'd, Myers v. Scott Cnty., 868 F.2d 1017 (Mem) (8th Cir. 1989); see also Ketchum v. City of West Memphis, 974 F.2d 81, 82 (8th Cir. 1992) (holding that departments or subdivisions of city government, such as the police department or paramedic services, "are not juridical entities suable as such" in a § 1983 action). Also, "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); see also Larsen v. Minnehaha Cnty. Jail, 2008 WL 4753756, at *2 (D.S.D. Oct. 24, 2008) (finding that the county jail and city police department could not be held vicariously liable for the actions of its employees). Thus, Rasmussen's claims against the Stanley County Sheriff's Office are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 2. Claims against Defendants Baxter and Fleagle for Money Damages

Rasmussen brings claims against Baxter and Fleagle in their official capacities. See Doc. 1 at 4. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Under Monell, Rasmussen must show that the "execution of a government's policy or custom" deprived him of a federal right. 436 U.S. at 694. Rasmussen alleges several instances in which his rights were violated, but he does not claim that these violations stem from a policy or custom of the Stanley County Sheriff's Office. See Doc. 1 at 4-

5. Although he does claim that there is a pattern of behavior on the part of the defendants, he does not allege facts sufficient to constitute a policy or custom. Thus, Rasmussen's claims against Baxter and Fleagle in their official capacities for money damages are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Claims Against Defendant Baxter for Injunctive Relief

Rasmussen brings claims against Baxter in his official capacity for tasing him and for falsifying use of force documents in order to cover up his actions. See Doc. 1 at 4. Construing his complaint liberally, Rasmussen claims that Baxter used excessive force in violation of his Fourth Amendment rights. The Supreme Court of the United States "has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." Graham v. Connor, 490 U.S. 386, 396 (1989). "[T]he Fourth Amendment requires us to ask, from the perspective of a reasonable officer on the scene, 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" Franklin v. Peterson, 878 F.3d 631, 635 (8th Cir. 2017) (quoting Graham, 490 U.S. at 397).

Here, Rasmussen alleges that the force used was not objectively reasonable. Doc. 1 at 4. Rasmussen claims that he was not resisting or posing a threat, but he was still tased by Baxter. Id. He also alleges that Baxter misrepresented the encounter in documents justifying the use of force, but he does not describe these misrepresentations. Id. Rasmussen has stated a claim sufficient to survive § 1915 screening for excessive force against Baxter in his official capacity. To the extent that Rasmussen brings a separate claim against Baxter for misrepresentations in police documents, he does not allege specific facts as to these misrepresentations as required under Martin, and this claim is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. Claims Against Defendant Fleagle for Injunctive Relief

Rasmussen brings claims against Fleagle in his official capacity for failure to intervene, discrimination, and misrepresentation of the facts of the incident. Doc. 1 at 4. "[A]n officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment." Hollingsworth v. City of St. Ann., 800 F.3d 985, 991 (8th Cir. 2015) (quoting Nance v. Sammis, 586 F.3d 604, 612 (8th Cir. 2009)). "To establish a failure to intervene claim, however, the plaintiff must show that the 'officer observed or had reason to know that excessive force would be or was being used.' " Id. (quoting Nance, 586 F.3d at 612). Here, Rasmussen alleges that Fleagle was present when Baxter used excessive force and that Fleagle knowingly failed to intervene. Doc. 1 at 4. Thus, Rasmussen alleges that Fleagle observed the use of excessive force. Id. Rasmussen has stated a claim sufficient to survive § 1915 screening for failure to intervene against Fleagle in his official capacity.

Rasmussen also alleges that Fleagle was motivated by personal animosity towards him. Id. Specifically, he claims that Fleagle discriminated against him "on the basis of [m]arital and [p]arental [s]tatus" because of the familial relationships between himself, Fleagle, and two minor children. Id. Construing his complaint liberally, Rasmussen alleges a "class of one" equal protection claim under the Fourteenth Amendment. A "class of one" equal protection claim was recognized by the Supreme Court in Village of Willowbrook v. Olech, 528 U.S. 562 (2000) (per curiam). "It is recognized law that a class-of-one claimant may prevail by showing '[he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.' " Barstad v. Murray Cnty., 420 F.3d 880, 884 (8th Cir. 2005) (quoting Olech, 528 U.S. at 564)). Further, "[i]dentifying the disparity in treatment is especially important in class-of-one cases." Id.

Here, although Rasmussen does not articulate the disparity in treatment in detail, he does allege that he is treated differently than other similarly situated individuals. See Doc. 1 at 4. He claims that he has been targeted by Fleagle twice and that Fleagle is intentionally singling him out. Id. Rasmussen states a claim sufficient to survive § 1915 screening for violating his equal protection rights under the Fourteenth Amendment against Fleagle in his official capacity.

Rasmussen also claims that Fleagle "willingly and intentionally misrepresented the truth and the facts justifying the use of a dangerous weapon." Id. He does not make any further allegations regarding these misrepresentations. See id. To the extent that Rasmussen states a separate claim for these misrepresentations, he does not allege specific facts as to these misrepresentations as required under Martin, and this claim is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 5. Claims Against Defendant DiBenedetto

Rasmussen brings claims against DiBenedetto in his official capacity. See Doc. 1 at 5. DiBenedetto was an employee of the South Dakota Division of Criminal Investigation at the time of the incidents in question. As the Supreme Court has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)). Thus, it is a suit against the state itself. While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. Id. But when an official capacity claim is asserted for injunctive relief against a state officer, the defense of qualified immunity

does not apply. See Pearson v. Callahan, 555 U.S. 223, 242-243 (2009). Here, although Rasmussen brings claims for both money damages and injunctive relief, the injunctive relief that he seeks only pertains to the Stanley County Sheriff's Office, not the South Dakota Division of Criminal Investigation. See Doc. 1 at 6. Thus, his claims against DiBenedetto are only for money damages. Rasmussen's claims against DiBenedetto are the equivalent of claims for money damages against the state of South Dakota. The state of South Dakota has not waived its sovereign immunity to allow Rasmussen's official capacity claims against DiBenedetto. Rasmussen's claims against DiBenedetto are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Motions for Counsel

Rasmussen has filed a motion to appoint counsel. Doc.. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Rasmussen's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Rasmussen is capable of pursuing his claims pro se at this phase of litigation, and his motions for appointment of counsel are denied at this time.

### IV. Order

Accordingly, it is

ORDERED that Rasmussen's motion to proceed in forma pauperis, Doc. 2, is granted and his initial filing fee is waived. It is further

ORDERED that Rasmussen's excessive force claim against defendant Baxter in his official capacity for injunctive relief survives 28 U.S.C. § 1915 screening. It is further

ORDERED that Rasmussen's failure to intervene and equal protection claims against defendant Fleagle in his official capacity for injunctive relief survives 28 U.S.C. § 1915 screening. It is further

ORDERED that Rasmussen's remaining claim against the defendants are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii). It is further

ORDERED that the Clerk shall send blank summons forms and United States Marshals Service Form (Form USM-285) to Rasmussen to complete for service upon defendants Baxter and Fleagle. It is further

ORDERED that Rasmussen shall complete and send the Clerk of Courts a separate summons and USM-285 form for defendants Baxter and Fleagle. Upon receipt of the completed summons and USM-285 forms, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed, the complaint may be dismissed. It is further

ORDERED that the United States Marshals Service shall serve the completed summonses, together with a copy of the complaint, Doc. 1, and this order upon defendants Baxter and Fleagle. It is further

ORDERED that defendants Baxter and Fleagle will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is further

ORDERED that Rasmussen will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Civil Local Rules while this case is pending. It is finally

ORDERED that Rasmussen's motion to appoint counsel, Doc. 6, is denied.

DATED November 10th, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE