UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| WYATT W. RASMUSSEN,<br><br>Plaintiff,<br><br>vs.<br><br>DUSTIN BAXTER, IN HIS OFFICIAL CAPACITY; BRANDON FLEAGLE, IN HIS OFFICIAL CAPACITY, STANLEY COUNTY SHERIFF'S OFFICE, AND GUY DIBENEDETTO, IN HIS OFFICIAL CAPACITY,<br><br>Defendants. | 4:21-CV-03021-RAL<br><br><br>ORDER ALLOWING AMENDED COMPLAINT BUT SCREENING NEW CLAIMS FOR DISMISSAL |

Plaintiff, Wyatt W. Rasmussen, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Rasmussen moved for leave to proceed in forma pauperis. Doc. 2. This Court granted Rasmussen leave to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e)(2), dismissing the complaint in part and directing service upon defendants in part. Doc. 7. Claims against Dustin Baxter and Brandon Fleagle, officers with the Stanley County Sheriff's Office, survived screening, but claims against the Stanley County Sheriff's Office and Guy DiBenedetto, an agent with the South Dakota Division of Criminal Investigation, were dismissed. Id. at 10. Rasmussen now moves to amend his complaint to bring additional claims against DiBenedetto. Doc. 10.

Under Federal Rule of Civil Procedure 15(a)(1), "a party may amend its pleading once as a matter of course within . . . 21 days after serving it[.]" Because defendants have not yet been served in this case and Rasmussen has not previously amended his complaint, Rasmussen is

within the window provided by Rule 15(a)(1) and may amend his complaint. This Court will now screen Rasmussen's additional claims under § 1915(e)(2).

## I.    1915 Screening of New Claims

### A.    Factual Allegations of Rasmussen's Amended Complaint

Rasmussen claims that DiBenedetto failed to properly investigate his allegations that, on or around April 17, 2021, Baxter tased him unnecessarily during a routine arrest and Fleagle failed to intervene. Doc. 7 at 2-3. Rasmussen raised concerns about this incident with DiBenedetto on or around July 27, 2021, and he now disputes DiBenedetto's justifications for Baxter's taser use. Doc. 10-1 at 1. He claims that DiBenedetto either failed to notice or intentionally ignored details found in the video and audio recordings of Baxter's patrol cruiser. Id. He claims that Baxter can be heard stating that Rasmussen was "probably headed to his house" on the day of the arrest. Id. He also claims that DiBenedetto said Baxter was fearful because Rasmussen fled and that Baxter's familiarity with Rasmussen's destination shows that he had no reason to be fearful. Id. He alleges that DiBenedetto said Baxter tased him because he failed to follow commands, which Rasmussen argues is not a valid justification for taser use. Id. Rasmussen also alleges that DiBenedetto failed to put his findings in writing. Id.

Rasmussen claims that DiBenedetto was assigned to investigate two prior incidents of taser use by law enforcement officers against Rasmussen. Id. He claims that the justifications provided for those incidents were insufficient. Id. He also claims that he has a letter dated July 29, 2013, from Stanley County Sheriff Brad Rathbun asking the Division of Criminal Investigation to investigate taser use incidents against him. Id. at 2. Rasmussen believes that DiBenedetto should have reported these incidents to the FBI. Id.

2

Rasmussen brings claims against DiBenedetto in his official capacity. Doc. 10 at 1. He asks this Court to require the Division of Criminal Investigation to put into effect policies and procedures that would prevent any one employee from hiding police misconduct and would require employees to believe complaints brought to them. Doc. 10-1 at 2. He also asks for any other relief this Court deems appropriate. Id.

### B. Legal Standard

A court when screening under § 1915A must assume as true all facts well pleaded in the complaint. Estate of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). If a complaint does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663-64 (8th Cir. 1985). Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (internal citation omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint

3

must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory").

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). Martin-Trigona v. Stewart, 691 F.2d 856, 857 (8th Cir. 1982); see also Key v. Does, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss claims if they "(i) [are] frivolous or malicious; (ii) fail[] to state a claim on which relief may be granted; or (iii) seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court will now assess each individual claim under 28 U.S.C. § 1915.

### C.    Rasmussen's Causes of Action

#### 1.    Failure to Intervene

Rasmussen brings a claim against DiBenedetto in his official capacity for failure to intervene in violation of his Fourth Amendment right to be free from excessive force. See Doc. 10-1 at 1-2. "[A]n officer who fails to intervene to prevent the unconstitutional use of excessive force by another officer may be held liable for violating the Fourth Amendment." Hollingsworth v. City of St. Ann., 800 F.3d 985, 991 (8th Cir. 2015) (quoting Nance v. Sammis, 586 F.3d 604, 612 (8th Cir. 2009)). "To establish a failure to intervene claim, however, the plaintiff must show that the 'officer observed or had reason to know that excessive force would be or was being used.' " Id. (quoting Nance, 586 F.3d at 612). Officers must intervene "when they ha[ve] a duty and opportunity to do so." Krout v. Grommer, 583 F.3d 557, 566 (8th Cir. 2009); see also Putman v. Gerloff, 639 F.2d 415, 423 (8th Cir. 1981) ("We believe it is clear that one who is given the badge of authority of a police officer may not ignore the duty imposed by his office

4

and fail to stop other officers who summarily punish a third person *in his presence or otherwise within his knowledge*." (emphasis added) (quoting Byrd v. Brishke, 466 F.2d 6, 11 (7th Cir. 1972))).

Rasmussen fails to allege that DiBenedetto observed the incident or had reason to know that Baxter would tase him on or around April 17, 2021, as required under Hollingsworth. Although Rasmussen need not show that DiBenedetto was present for the tasing, he must establish that DiBenedetto had reason to know it would happen or that the developing incident was within his knowledge. Further, he must show that DiBenedetto had an opportunity to intervene. Rasmussen has only alleged that DiBenedetto was aware of prior incidents that happened at least eight years prior to this one. See Doc. 10-1 at 1-2. While Rasmussen may argue that DiBenedetto could have done more to investigate his claims, this is not the awareness of and opportunity to stop an incident of excessive force that a failure to intervene claim requires. Thus, Rasmussen's claim for failure to intervene against DiBenedetto in his official capacity is dismissed without prejudice under without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Failure to Investigate

Construing his complaint liberally, Rasmussen brings a claim against DiBenedetto in his official capacity for failure to investigate in violation of his Fourteenth Amendment right to due process. See id. Although the Eighth Circuit Court of Appeals has recognized a due process claim against "reckless or intentional failure to investigate that shocks the conscience[,]" this right protects criminal defendants. See Akins v. Epperly, 588 F.3d 1178, 1184 (8th Cir. 2009). A criminal defendant can bring such a claim in the following circumstances: "(1) evidence that the state actor attempted to coerce or threaten the defendant, (2) evidence that investigators purposefully ignored evidence suggesting the defendant's innocence, (3) evidence of systematic

pressure to implicate the defendant in the face of contrary evidence." Id. Here, Rasmussen

merely claims that DiBenedetto failed to investigate Baxter and Fleagle. Doc. 10 at 1-2.

Rasmussen's claim does not allege DiBenedetto recklessly or intentionally failed to investigate

criminal charges against Rasmussen. Thus, Rasmussen's claim for failure to investigate against

DiBenedetto in his official capacity is dismissed without prejudice under 28 U.S.C.

§ 1915(e)(2)(B)(ii).

## II.     Order

Accordingly, it is

ORDERED that Rasmussen's motion to amend his complaint, Doc. 10, is granted. It is

finally

ORDERED that Rasmussen's newly added claims within Doc. 10-1 are dismissed without

prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii).

DATED December 15th, 2021.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE